# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

```
JANE DOE,                      )
                               )
               Plaintiff,      )    CIVIL ACTION
                               )
v.                             )    No.  06-1088-MLB
                               )
THE CITY OF WICHITA,           )
                               )
               Defendant.      )
                               )
```

### MEMORANDUM AND ORDER

Before the court are the following:

1. Defendant's motion to dismiss for failure to state a claim (Doc. 4);

2. Plaintiff's response (Doc. 7); and

3. Defendant's reply (Doc. 8).

### Introduction

Plaintiff's mother alleges that her son, a minor, was subjected to excessive force by unnamed officers during an incident which occurred in June 2005. The complaint asserts in the "Parties" section that unnamed officers were "Police Officers in Sedgwick County" acting in their official capacity under color of state law. The complaint goes on to claim that the unnamed officers were ". . . servants, agents and employees of the defendant, Sedgwick County (a person for purposes of section 1983), so that their acts are imputed to Sedgwick County." Sedgwick County, which is a completely separate governmental entity from the City of Wichita, is <u>not</u> a named defendant. Plaintiff compounds this confusion by further alleging that "defendant Officer [sic] were acting pursuant to specific orders and directives from the

County and the County provided each of them with an official badge and identification card which designated and described its bearer as a Police Officer of the City of Wichita."

In her first cause of action, plaintiff alleges that the officers deprived plaintiff's minor son of the rights of (1) freedom from illegal confinement and imprisonment and (2) freedom from physical abuse, coercion and intimidation in violation of the due process clause of the Fifth and Fourteenth Amendments. In her second cause of action, plaintiff alleges that the actions of the officers constituted assault and battery. For her third cause of action, plaintiff alleges that the officers ". . . breached a duty owed to plaintiff by committing and by allowing to be committed the acts complained of . . . ." The fourth cause of action alleges that defendant City of Wichita improperly trained the unnamed defendant "deputies" with respect to matters such as arrest and detention and that as a result of defendant's "negligence and training the Defendant Officers," plaintiff suffered ". . . physical and mental inquiries [sic] . . ." and other damages. For her final claim, plaintiff alleges that ". . . defendants' [sic] extreme and outrageous conduct . . ." amounted to intentional infliction of emotional distress.

Defendant City of Wichita (the only defendant) moved to dismiss the complaint for failure to state a claim. When plaintiff did not respond, the court issued an order allowing a response to be filed out of time (Doc. 6). Plaintiff's response has been filed and defendant has replied. For the following reasons, defendants's motion is sustained.

-2-

### Rule 12(b)(6) Standards

The standards this court must utilize upon a motion for judgment on the pleadings mirrors the standard for analyzing motions to dismiss under Rule 12(b)(6). See Atl. Richfield Co. v. Farm Credit Bank of Wichita, 226 F.3d 1138, 1160 (10th Cir. 2000). This court will dismiss a cause of action for a failure to state a claim only when it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle legal relief or when an issue of law is dispositive. See Ford v. West, 222 F.3d 767, 771 (10th Cir. 2000); Robinson v. Kansas, 117 F. Supp. 2d 1124, 1129 (D. Kan. 2000). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to plaintiff. See Ford, 222 F.3d at 771; Davis v. United Student Aid Funds, Inc., 45 F. Supp. 2d 1104, 1106 (D. Kan. 1998). Conclusory allegations, however, have no bearing upon this court's consideration. See Dunn v. White, 880 F.2d 1188, 1190 (10th Cir. 1989). In the end, the issue is not whether plaintiff will ultimately prevail, but whether she is entitled to offer evidence to support her claims. See Robinson, 117 F. Supp. 2d at 1129.

### Discussion

Although plaintiff does not seem to appreciate its significance, her claim is only against the City of Wichita. A caption naming as defendants "The City of Wichita and its representatives" along with references in the complaint to unnamed "officers" and "deputies" does not state a claim against any individual defendant, much less against "representatives" who are unidentified and whose employment plaintiff cannot keep straight. The City of Wichita may not be held liable

under 42 U.S.C. § 1983 in the absence of an underlying constitutional violation by its officers. Camuglia v. The City of Albuquerque, 448 F.3d 1214, 1223 (10th Cir. 2006). The court believes that this case could be dismissed for the reason that plaintiff has not alleged sufficient well-pleaded facts that the City's police officers were involved in the alleged fracas with her son.[1] Nevertheless, the court will consider the parties' submissions.

## Summary of the Submissions

Plaintiff alleges that this court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, predicated upon 42 U.S.C. § 1983. To state a claim for relief under 42 U.S.C. § 1983, plaintiff must establish that her son was deprived of a right secured by the Constitution and that the alleged deprivation was committed under color of state law. Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 143 L.Ed.2d 130, 119 S. Ct. 977, 985 (1999). The Tenth Circuit has observed that § 1983 does not by itself create any substantive rights but merely provides relief against those who, acting under color of state law, violate federal rights created elsewhere. Reynolds v. School Dist. No. 1, Denver, Colo., 69 F.3d 1523, 1536 (10th Cir. 1995).

Plaintiff's allegations of federal "rights created elsewhere" are as follows: in the Jurisdiction and Venue and Parties sections of the complaint, plaintiff refers to the Fourteenth Amendment. Plaintiff then alleges various facts which supposedly demonstrate that

---

[1] As noted in this court's order of September 20, 2006 (Doc. 6), plaintiff's counsel has been reprimanded by the Tenth Circuit and by this court for failure to zealously represent a client. Zealous representation includes competent representation.

-4-

her son's rights to "freedom of illegal confinement" and "freedom from physical abuse" were violated. She references the Due Process Clauses of the Fifth and Fourteenth Amendments. In other sections of the complaint, plaintiff makes a separate claim for "negligent training" (along with various state law claims) but she does not relate this claim to § 1983.

In its motion to dismiss, defendant separately discusses each claim set forth in the complaint. In her response to defendant's arguments regarding her Fifth and Fourteenth Amendment claims, plaintiff asserts:

> Plaintiffs' [sic] section 1983 claim rests on the due process clause of the Fourteenth Amendment . . . . Under the Due Process Clause, [a] court focuses on three factors in considering claims of excessive force: (1) the relationship between the amount of force used and the need presented (2) the extent of the injury inflicted, and (3) the motives of the officer. U.S. Const. Amend. 5, 14. The plaintiff has sufficiently plead a section 1983 claim. Therefore, the plaintiff's Fifth and Fourteenth Amendment claims should stand.

(Doc. 7 at 3).

In her response to defendant's arguments regarding her failure to train claim, plaintiff (apparently awakening to the realization that a failure to train claim may be brought under § 1983) states that:

> The inadequacy of police training may serve as a basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact. Canton v. Harris, 489 U.S. 378, 388, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989). In the present case, the plaintiff has stated a "short and plaint [sic] statement of the claim showing that the pleader is entitled to relief. As a result, the plaintiff has plead an actionable civil rights action against the defendant.

(Doc. 7 at 3.)(internal quotations omitted).

### Fifth Amendment Due Process Claim

Because plaintiff is represented by counsel, the court is under no obligation to liberally construe the allegations of the complaint. Similarly, when considering plaintiff's response to defendant's motion to dismiss, the court is under no obligation to perform legal research to support plaintiff's claims. Plaintiff's claim that her son's rights under the Due Process Clause of the Fifth Amendment were violated is conclusory and completely unsupported by authority. Indeed, the best that can be said for the Fifth Amendment claim is that it is an afterthought, not an argument. But even if it could be deemed an argument, arguments must be supported with legal authority. Robey-Harcourt v. Bencorp Financial Company, 326 F.3d 1140 (10th Cir. 2003) and the cases cited therein. Plaintiff's failure to support her Fifth Amendment Due Process claim with applicable authority dooms it to dismissal.

### Fourteenth Amendment Due Process Claim

In its motion to dismiss, the City asserts that an excessive force claim must be brought under the Fourth, not the Fourteenth, Amendment, citing appropriate cases. Plaintiff's response, set forth on the preceding page, cites neither authority supporting an excessive force claim under the Fourteenth Amendment nor authority refuting that cited by defendant. Once again, it is not this court's job to perform plaintiff's research. Even if it were, the law is clear: claims of excessive force are to be judged under the Fourth Amendment's "objective reasonableness" standard. Brosseau v. Haugen, 543 U.S. 194, 160 L.Ed.2d 583, 125 S. Ct. 596, 598 (2004). See also Cortez v. McCauley, 438 F.3d 980, 993-94 (10th Cir. 2006). In response to

defendant's motion notifying plaintiff of this law, plaintiff still did not address her claim under the Fourth Amendment standards. The court interprets plaintiff's refusal to address the Fourth Amendment issue, even when raised in defendant's motion, as confirmation that she has no intention of proceeding under that constitutional provision. Instead, the court interprets plaintiff's refusal to discuss the Fourth Amendment as confirmation that she intends to pursue her excessive force claim exclusively under the Due Process Clause of the Fourteenth Amendment. See, e.g., United States v. Almaraz, 306 F.3d 1030, 1041 (10th Cir. 2002)(refusing to hear and considering waived an argument not briefed on appeal); Swanson v. Guthrie Indep. School Dist. No. I-L, 135 F.3d 694, 702-03 (10th Cir. 1998)(same). As already noted, that is not permissible. Furthermore, as pointed out above, the City cannot be held liable under some sort of respondeat superior theory, even if plaintiff's allegations were sufficient to demonstrate that officers of the City used excessive force. Therefore, defendant's motion to dismiss the Fourteenth Amendment claim is granted.

### Failure to Train

The complaint's allegations regarding "negligent training" appear to be state law claims along with those of assault and battery, breach of duty and intentional infliction of emotional distress. The complaint makes no allegation that officers treated plaintiff's son with "deliberate indifference." Indeed, it is clear that plaintiff was not aware that a § 1983 claim requires a showing of deliberate indifference until she reviewed defendant's motion to dismiss the claim. Her response to the motion is that her allegations of

"negligent training" are sufficient under Fed. R. Civ. P. 8 to state a claim of deliberate indifference.

The court disagrees. In order to recover against a municipality on a § 1983 failure to train claim, a plaintiff must demonstrate: (1) that a municipal employee committed a Constitutional violation, and (2) that a municipal policy or custom was the moving force behind the Constitutional deprivation. Moreover, inadequate police training can give rise to § 1983 liability only when the failure to train amounts to a deliberate indifference to the rights of persons with whom the police come into contact. <u>Stuart v. Jackson</u>, 24 Fed. Appx. 943 (10th Cir. Dec. 17, 2001) citing <u>City of Canton v. Harris</u>, 498 U.S. 378, 388-89, 103 L. Ed. 2d 412, 109 S. Ct. 1197 (1989). Plaintiff's conclusory "negligent training" allegations come nowhere close to meeting these requirements. It is noteworthy that the Tenth Circuit has found similarly conclusory allegations to be deficient, even in a case where the plaintiff appeared pro se. <u>Canady v. Unified Gov't of Wyandotte County/Kansas City, Kansas</u>, 68 Fed. Appx. 165 (10th Cir. June 18, 2003).

### Conclusion

Accordingly, defendant's motion to dismiss plaintiff's federal claims is sustained. The court declines to exercise supplemental jurisdiction of plaintiff's state law claims. 28 U.S.C. § 1367(c)(3). Therefore, this case is dismissed and the clerk is directed to enter judgment for defendant in accordance with Fed. R. Civ. P. 58.

A motion for reconsideration of this order pursuant to this court's Rule 7.3 is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is

appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992).

Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by this court in Comeau v. Rupp. The response to any motion for reconsideration shall not exceed three pages. No reply shall be filed.

IT IS SO ORDERED.

Dated this   5th   day of December 2006, at Wichita, Kansas.

S/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE

-9-